IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


UNITED STATES OF AMERICA,


v.                                                    CASE NO. 5:06-cr-00013-RS-GRJ

FOEY B. PADGETT, JR.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 86, Defendant's *pro se* motion to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The motion stems from

Defendant's guilty-plea conviction for one count of conspiracy to distribute and to

possess with intent to distribute 50 grams or more of methamphetamine and 500 grams

or more of a mixture containing methamphetamine (Count 1 of the indictment), four

counts of possession with intent to distribute five grams or more of methamphetamine

(Counts 2-5), and one count of possession of a firearm in furtherance of a drug

trafficking crime (Count 7), all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii),

846, and 924(c)(1)(A).[1]  Defendant was subject to enhanced penalties under 21 U.S.C.

§ 841(b) because he had two prior state felony convictions for controlled substance

offenses.  Doc. 12 (§ 851 enhancement information).  Defendant was sentenced to life

imprisonment on Counts 1-5, and to a consecutive 60-month term of imprisonment on

Count 7.  The instant motion asserts nine enumerated claims, most of which pertain to

Defendant's enhanced sentence.  The Government has filed a response, Doc. 92,

_____

[1]Count 6, which charged Defendant with being a felon in possession of a firearm,
was dismissed.

arguing that the motion should be denied. For the following reasons, the undersigned recommends that the motion to vacate be denied.[2]

## Background

After Defendant was indicted, the Government filed an enhancement information pursuant to 21 U.S.C § 851, alleging that Defendant had two prior state felony convictions for possession of methamphetamine that qualified him for enhanced sentencing under § 841(b). That section mandates a life sentence for offenses committed "after two or more prior convictions for a felony drug offense have become final[.]" Doc. 12. Defendant subsequently executed a plea and cooperation agreement, Doc. 30, and attested to the accuracy of the statement of facts offered by the Government in support of the plea, Doc. 29. The statement of facts set forth dates on which controlled purchases of 36.61 grams of methamphetamine were made by a cooperating witness from Defendant. It further stated that:

> Cooperating witness(es) will testify that he/she has purchased methamphetamine on a routine basis, over an extended period of time, from the defendant. The cooperating witness(es) will testify that the amount he/she has purchased, during this extended period of time, is in excess of fifty (50) grams of methamphetamine. Additionally, cooperating witness(es) will testify that he/she observed the defendant in actual and constructive possession of firearms during each of the controlled purchases at the defendant's residence as outlined above.

> On November 7, 2005, law enforcement officers executed a search warrant on the defendant's home. During the execution of the search warrant, law enforcement officers seized ten (10) firearms . . . and over a thousand (1,000) rounds of various calibers of ammunition. These firearms and ammunition were manufactured outside the State of Florida, thereby traveling in interstate and foreign commerce.

---

[2]The issues presented by the motion may be resolved on the basis of the record, and therefore no evidentiary hearing is necessary. *See* Rule 8, Rules Governing Section 2255 Proceedings.

The defendant was convicted in the Circuit Court of Holmes County, Florida, on or about February 21, 2005, for the offense of Possession of Methamphetamine, in Case Number 04-202CF, which is a felony under Florida law. The defendant was also convicted in the Circuit Court of Holmes County, Florida, on or about November 12, 1996, for the offense of Possession of Controlled Substance (Methamphetamine), in case number 96-152CF, which is a felony under Florida Law.

Doc. 29.

On March 15, 2006, the Court conducted a Fed. R. Crim. P. 11(b) plea colloquy during which Defendant was represented by counsel and testified, under oath, that he understood each of the rights set forth in Rule 11(b). Doc. 74. The Court reviewed the Government's statement of facts, and Defendant acknowledged that the facts asserted were true and were sufficient for a jury to find him guilty. The Court reviewed the terms of the plea and cooperation agreement, and Defendant agreed that he had read and understood the agreement, and had reviewed it with his attorney. The plea agreement signed by Defendant states that Defendant faced an enhanced sentence under Count 1 of a mandatory minimum term of life imprisonment if he had two prior qualifying felony drug convictions, and a mandatory minimum of 20 years and maximum of life imprisonment if he had one prior qualifying felony drug conviction. Doc. 30.

The Government's notice of intent to enhance was addressed during the plea colloquy in the context of the Court's advising Defendant of the sentencing consequences of having two prior felony drug convictions. The Court advised Defendant that if the Court determined that he had two prior qualifying felony drug convictions, he faced a mandatory minimum sentence of life imprisonment for Count 1, and that he faced a mandatory minimum sentence of 20 years' imprisonment and a maximum of life imprisonment if the Court determined that Defendant had one prior

qualifying drug conviction.   The Court also advised Defendant that if he had no prior

qualifying felony drug convictions, he faced a mandatory minimum of 10 years'

imprisonment and a maximum term of life imprisonment.

The Court then asked whether counsel agreed with the penalties as announced

by the Court. Defendant's counsel questioned whether the Court had properly

announced the penalties with regard to the mandatory minimum sentence if Defendant

had two prior felony drug convictions.   Following a discussion of the applicable

penalties, defense counsel stated, "I just want to make sure, because what I'd  been

talking with him about was he was looking at minimum mandatory life in the absence of

a substantial assistance."   Defendant confirmed on the record that he understood the

maximum and minimum sentences that could be imposed.

In response to the Court's questioning regarding the voluntariness of the plea

and whether any promises had been made to Defendant apart from what was

contained in the plea agreement, Defendant's counsel stated:

> I want to make sure the record is clear on this. I've told him that he's
> looking at life in prison with the plea, in the absence of some sort of
> substantial assistance motion from the government. And not having a
> crystal ball, I can't predict whether that's going to happen or not. But
> basically, if he goes to trial and loses, what I have told him is that the hope
> for that will have gone, if he goes to trial and loses. So this is his - - this
> would give him hope of getting that.

The Court found that Defendant's plea was made knowingly, freely, and

voluntarily, and that the facts admitted by Defendant were sufficient to support the plea.

The Court adjudicated Defendant guilty.  Immediately following the plea hearing,

however, the Court realized that Defendant had not expressly stated his plea on the

record.  The Court reconvened the hearing on the following day, and Defendant entered

his guilty plea on the record.   Doc. 75.

Applying the 2005 edition of the United States Sentencing Guidelines manual, the presentence report assigned Defendant a total offense level of 34, taking into account the career offender enhancements.  As a career offender, Defendant's criminal history category was VI, pursuant to U.S.S.G. § 4B1.1.  Defendant's resulting guideline range was 262 to 327 months, but because the statutorily-required minimum sentence of life imprisonment was greater than the guideline range, the guideline range became life imprisonment pursuant to § 5G1.1(c)(2).  With a mandatory minimum five-year consecutive sentence for Count 7 pursuant to 18 U.S.C. § 924(c)(1)(A)(I), Defendant's maximum punishment was life imprisonment plus 60 months.  Neither party filed objections to the PSR.

At sentencing (Doc. 76), Defendant's counsel advised the Court that he had reviewed the PSR with Defendant, and that Defendant had expressed concerns regarding the Guidelines score.  Counsel stated that he did not identify any basis for objection.  The Court inquired whether Defendant had any objections to the PSR, and Defendant stated "No, sir."  The Government stated that although Defendant had debriefed on two occasions, he had not provided information that would justify a motion for a sentence reduction based on substantial assistance.  The Court sentenced Defendant to life imprisonment on Counts 1 through 5 and sixty (60) months imprisonment consecutive on Count 7.

Defendant timely appealed.  His appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no nonfrivolous issues for appeal.  Defendant filed a *pro se* brief asserting four claims of

error: (1) that his prior state felony convictions for possession of controlled substances were not felonies under federal law and therefore could not be used to enhance his sentence in light of *Lopez v. Gonzales*, 549 U.S. 47 (2006), and the trial court failed to make the inquiry required under 18 U.S.C. § 851(b); (2) that the indictment was invalid because his state convictions were not federal felonies; (3) that the Court abused its discretion in sentencing Defendant to life imprisonment; and (4) that trial counsel rendered ineffective assistance in connection with the sentence enhancement.  The Court of Appeals found that counsel's assessment of the merits of the appeal was correct, found no arguable issues of merit, and affirmed Defendant's convictions and sentence.  Doc. 84.

## Standard of Review

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded the court's jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Further, disposition of a claim of error on direct appeal precludes further review in a subsequent collateral proceeding. *See,*

*e.g., Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

Because Petitioner's claims raise the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a

"reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different." *Id*. at 694. In the guilty plea context, to show
prejudice Petitioner must show that "there is a reasonable probability that, but for
counsel's errors, he would not have pleaded guilty and would have insisted on going to
trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of
prejudice in the guilty-plea context serves "the fundamental interest in the finality of
guilty pleas." *Hill*, 474 U.S. at 58.

## Discussion

## Ground One: Compliance with § 851(b)

Defendant contends that he is entitled to relief under § 2255 because the Court
did not comply with § 851(b). That section states that "the court shall after conviction
but before pronouncement of sentence inquire of the person with respect to whom the
[enhancement] information was filed whether he affirms or denies that he has been
previously convicted as alleged in the information, and shall inform him that any
challenge to a prior conviction which is not made before sentence is imposed may not
thereafter be raised to attack the sentence." The Government concedes that a specific
§ 851(b) inquiry was not conducted, but argues that Defendant is not entitled to relief
because the issue was raised in his *pro se* brief on direct appeal and implicitly rejected
by the Eleventh Circuit, and the Defendant did admit on the record that the
enhancement convictions were true and accurate.

The transcript of sentencing does not reflect that the Court specifically asked
Defendant whether he had been previously convicted as alleged in the enhancement
information. The Government has cited authority for the proposition that although

failure to comply with the statutory requirements of § 851(b) is error, it is susceptible to harmless-error analysis. *See United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir. 1990); *United States v. Gaviria*, 116 F.3d 1498, 1525 (D.C. Cir. 1997); *United States v. Gonzalez- Lerma*, 71 F.3d 1537, 1541 n.4 (10th Cir. 1995) (*overruled on other grounds, United States v. Flowers*, 464 F.3d 1127 (10th Cir. 2006)).

The record supports a conclusion that the error in this case was harmless. Defendant affirmed the accuracy of the prior state convictions alleged in the enhancement information in executing the plea agreement, as supported by the Government's statement of facts. Defendant affirmed under oath during the plea colloquy that the statement of facts was accurate. Defendant reviewed the PSR which included the convictions, and did not object to inclusion of the convictions either before sentencing or at the sentencing hearing. It is clear from the record that Defendant understood that the two prior convictions would subject him to a life sentence. Because this claim was raised and implicitly rejected on direct appeal, and because any error is harmless in the context of this record, Defendant is not entitled to relief under § 2255.

## Ground Two: Application of § 851 Enhancement

Defendant contends that his prior state felony convictions did not qualify for federal sentencing enhancement because 21 U.S.C. § 851(a)(2) requires that qualifying prior convictions must have been prosecuted by indictment, or by waiver of indictment. The Government correctly points out that Defendant has misconstrued the statute. The requirement for an indictment applies to the instant federal prosecution, and not the prior state felony convictions. *See*, *e.g.*, *United States v. Ortiz*, 143 F.3d 728, 731 (2nd. Cir. 1998); *United States v. Trevino-Rodriguez, 994 F.2d 533, 536 (8th Cir. 1993).*

There is thus no merit to this asserted ground for relief. To the extent that Defendant argues that his counsel rendered ineffective assistance for not challenging his sentence on this ground, he is not entitled to relief because any such objection would have been found meritless.

## Ground Three: Whether Plea Was Knowing and Voluntary

Defendant contends that his plea was not knowing and voluntary because it was based on a plea agreement that required him to plead guilty to "erroneous 'two prior qualifying drug convictions.'" Doc. 86. Defendant bases this argument on his claim in Ground Two, which the undersigned has found to be without merit. Further, as summarized above, the record of Defendant's plea colloquy refutes any claim that his plea was not knowing and voluntary. Defendant signed a written plea agreement that incorporated the statement of facts, the Court correctly advised Defendant of the penalties he faced, and Defendant's counsel stated on the record, in Defendant's presence, that he had advised Defendant he was facing a mandatory life sentence, in the absence of a substantial assistance motion by the Government. Defendant contends that his counsel misadvised him as to the maximum sentence that he faced, but the record of the plea colloquy shows otherwise.

Defendant also links his challenge to the voluntariness of his plea to his claims in Grounds Six and Nine, which are addressed below, and which also provide no basis for attacking the validity of Defendant's plea.

## Ground Four: Ineffective Assistance Regarding Counsel's Advice

Defendant contends that his counsel failed to inform him that "drug quantity must be proved beyond a reasonable doubt by a jury." The precise nature of this claim is

unclear.  The Court advised Defendant during the plea colloquy of his right to a trial by jury, and that the Government must prove his guilt of the charged offenses beyond a reasonable doubt. Defendant admitted under oath that the statement of facts was accurate, including the quantities of methamphetamine that he sold to the cooperating witness.  The record clearly shows that Defendant was aware of the Government's burden of proof prior to entering his plea.  Even if his counsel failed to inform him of the correct burden, the Court did so during the plea colloquy and therefore Defendant cannot show that any error in counsel's advice worked to his prejudice.

### Ground Five: Ineffective Assistance Regarding Prior Convictions

Defendant contends that his counsel failed to investigate whether his prior drug convictions were qualifying convictions for enhancement purposes.  Defendant clearly admitted the fact of the prior state felony drug convictions under oath, and the Court explained the effect of the prior convictions on his sentencing exposure.  As discussed below, there is no merit to Defendant's contention that the prior convictions did not qualify him for an enhanced sentence.  Defendant has pointed to no facts that would support a conclusion that his counsel performed deficiently in this regard.

### Ground Six: Eligibility for Life Sentence based on Prior Convictions

Defendant contends that the Court never made a finding that he had two prior convictions that qualified him for enhanced sentencing, and that the Court misinformed him that he faced a mandatory life sentence because his two prior state felony convictions did not qualify for enhancement.  He asserts that his counsel rendered ineffective assistance for not correcting the errors.

Defendant provides no cogent explanation in this ground as to why his two prior

state felony convictions did not qualify him for enhanced sentencing.  To the extent that

he relies on his claim in Ground One that the state cases should have been prosecuted

by indictment, that argument has been rejected.  Further, the Court at sentencing found

that the PSR was accurate, and adopted the findings of the PSR, thereby implicitly

finding that the two prior state felony convictions set forth in the PSR – to which

Defendant did not object – qualified Defendant for enhanced sentencing.  Any claim of

error by the Court in this regard, or of ineffective assistance by counsel, lacks any

support in the record.

### Ground Seven: Court's Conduct of Plea Colloquy

Defendant contends that the Court's oversight in not expressly receiving

Defendant's plea during the initial plea colloquy provides a basis for § 2255 relief.  The

Court, out of an abundance of caution, reconvened the plea hearing the next day to

correct this oversight.  Defendant's argument that this minor (and temporary) oversight

had any bearing on the voluntariness of his plea is wholly implausible, and provides no

basis for collateral relief.

### Ground Eight: Alleged Sentencing Enhancement Error

Defendant states with regard to his two prior state convictions that he "is being

punished for conduct outside the [Guidelines] definition of a drug trafficking offense."

The basis for this assertion is unclear.  To the extent that Defendant claims that his

state convictions would not have been felonies under federal law, his argument is

without merit.  The § 841(b) enhanced penalties apply to an offense committed "after

two or more prior convictions for a felony drug offense have become final[.]" The

definition of "felony drug offense" is found in § 802(44): "'felony drug offense' means an

offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marijuana . . . or stimulant substances."   There is no requirement that a prior qualifying conviction be for a "drug trafficking offense," as Defendant seems to suggest. Even drug offenses that are classified as misdemeanors under state law may qualify as "felony drug offenses" for purposes of enhanced § 841(b) penalties if the offense is punishable by more than one year.  *Burgess v. United States*, 553 U.S. 124, 129-30 (2008).  Defendant has not shown any error in his enhanced sentencing based on the two prior state felony convictions for possession of methamphetamine.

### Ground Nine: *Lopez v. Gonzales* Claim

Defendant argues that his prior convictions do not qualify for enhanced sentencing because they would, at most, be misdemeanors under the Federal Controlled Substances Act.  Defendant cites *Lopez v. Gonzales*, 549 U.S. 47 (2006), as support for this claim.  *Lopez* is inapposite to Defendant's case.  *Lopez* concerned a removal proceeding under the Immigration and Nationality Act, and whether Lopez's state conviction for possession of cocaine qualified as a "drug trafficking crime," defined to include "any felony punishable under the Controlled Substances Act," for purposes of determining Lopez's rights under the INA.  *Lopez*, 549 U.S. at 52-53.  As explained above, Defendant's prior convictions are governed by the definition set forth in 21 U.S.C § 802(44).  *Burgess*,  553 U.S. 124, 129-30.  Defendant has established no sentencing

error, and no basis for relief under § 2255, as to this claim.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motion to vacate, Doc. 86, be **DENIED** and that a certificate of appealability be **DENIED.**

**IN CHAMBERS** this 1st day of February 2011.


*s / Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.